## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REBECCA L. TRISH,                              :
                                               : CIVIL ACTION NO. 1:25-CV-1641
    Plaintiff,                             : (JUDGE MARIANI)
                                               : (Chief Magistrate Judge Bloom)
    v.                                     :
                                               :
FRANK BISIGNANO, Commissioner of               :
Social Security,                               :
                                               :
    Defendant.                             :

## ORDER

AND NOW, THIS ___15th___ DAY OF JULY 2026, upon consideration of Chief

Magistrate Judge Daryl F. Bloom's Report and Recommendation ("R&R") (Doc. 18),

Plaintiff's objections thereto (Doc. 19), Defendant's response (Doc. 20), and all other

relevant documents, **IT IS HEREBY ORDERED THAT:**

1.  The R&R (Doc. 18) is **ADOPTED** for the reasons set forth therein as supplemented

    by this Order.

2.  Upon *de novo* review of Plaintiff's objections to the R&R (Doc. 19),[1] the objections

    are **OVERRULED**.

---

[1] When timely and specific objections are filed, the court reviews the matters to which objection has been made *de novo*. 28 U.S.C. § 636(b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). The task of the reviewing Court is to determine whether "substantial evidence" supports the ALJ's decision— "'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 587 U.S. 97, 102(2019) (quoting *T-Mobile South, LLC v. Roswell*, 574 U.S. 293, 301 (2015)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). It is "more than a mere scintilla but may

**a. Concentration, Persistence or Pace Limitations** - Plaintiff first contends that the Magistrate Judge erred in "finding that the ALJ adequately explained how the RFC accounted for the plaintiff's moderate limitations in concentration, persistence, and pace." (Doc. 19 at 1.)  Plaintiff posits that because the ALJ found moderate limitations in Plaintiff's capacity for concentrating, persisting, or maintaining pace "despite evidence of Plaintiff persisting at tasks and concentrating through distractions[,] . . .  the moderate limitation must relate to a limitation in pace." (*Id.* at 1-2 (citing Administrative Record "AR" at 46 (ALJ Decision at 6).)  Plaintiff mischaracterizes the record: in the same paragraph where the ALJ notes that mental health records consistently noted that Plaintiff has "sustained ability to resist distraction" and she is "able to sustain focus," the ALJ also notes that "the consultative mental examiner noted that the claimant's attention and concentration were impaired on mental status examination." (*See* AR at 46 (citing Exs. 7F at 5, 2A, 4A, 6A, 8A.)  Thus, Plaintiff's premise is flawed—the moderate limitation is not limited to pace nor is it necessarily based on pace.  Insofar as this is the basis for Plaintiff's assertion that the ALJ did not provide a valid explanation for her moderate limitation finding with regard to concentration, persistence, or pace, Plaintiff's argument is without merit.

---

be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.1971) (internal citation omitted).

Further, the ALJ not only cited to evidence regarding concentration and persistence, she also specifically cited to the State agency psychological consultant's finding that Plaintiff was capable "of performing within a schedule and at a consistent pace." (AR at 54.) Given the ALJ's detailed explanation of her RFC decision and citation to evidence of record supporting a moderate limitation in "concentrating, persisting, *or* maintaining pace," the Court finds Plaintiff's assertion that the ALJ did not provide a valid explanation of this determination to be without merit, and this objection is overruled.

**b. Subjective Symptoms** - Plaintiff also contends that the Magistrate Judge erred in "finding that the ALJ adequately considered Plaintiff's subjective reports of symptoms." (Doc. 19 at 3.) She asserts that "the ALJ's recitation of the evidence—including notations of persistent issues interspersed with negative non-specialist notes—did not demonstrate why Plaintiff did not have the persistent issues that she reported." (*Id.*) The ALJ extensively sets out evidence of record considered in making her RFC determination. (*See* AR 48-58.) However, her specific assessment of Plaintiff's subjective symptoms is minimal, concluding that "[t]he totality of the evidence does not support limitations to the extent the claimant alleges." (Doc. 54 at 19.) Assuming *arguendo* that it was error for the ALJ not to explain in greater detail her findings as to Plaintiff's subjective symptoms, the Court concludes Plaintiff has not shown

that the error was harmful.  The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. *Shinseki v. Sanders*, 556 U.S. 396, 409 (1969); *Woodson v. Comm'r of Social Security*, 661 F. App'x 762, 766 (3d Cir. 2016) (citing *Shinseki*, 556 U.S. at 409) (a plaintiff must point to specific evidence that demonstrates his claimed error caused harm); *Holloman v. Comm'r of Social Security*, 639 F. App'x 810, 814 (3d Cir. 2016) (citing *Shineski*, 556 U.S. At 409) (a plaintiff must show how the claimed error made a difference beyond a mere assertion that it did so).  *Shinseki*, 556 U.S. at 409; *Woodson*, 661 F. App'x at 766; *Holloman*, 639 F. App'x at 814. Therefore, in this case, Plaintiff must explain [ ] ... how the ... error to which [s]he points could have made any difference." *Shinseki*, 556 U.S. at 413.  A "generalized response is not enough to require a remand." *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir.2005).  Plaintiff points to the evidence regarding multiple flaring symptoms related to hidradenitis suppurativa ("HS") which occurred in 2024:

> The Agency's discussion cited to notes of flares in May (AR 1318), June (AR 1323, equating intense pain with flaring), July (AR 1326), August (AR 1335), and September (AR 1340, noting constant pain), 2024. AR 51-52. In light of Plaintiff's testimony that it hurt to move during flares (AR 78), it stands to reason that the evidence of at least five flares in one year would result in a yearly number of unscheduled absences that would be work preclusive.

4



(Doc. 19 at 3.)  Plaintiff acknowledges that her analysis is speculative.  (*Id.*)  The Court agrees and finds that, in this case, the speculative nature of her conclusion points to the basis for finding the error harmless.  First, Plaintiff identifies five consecutive months of flares related to HS.  Even if these flares were found to be debilitating for that period, Social Security's durational requirement would not be satisfied in that 20 C.F.R. §§ 404.1509 and 416.909 require that the limitation lasts, or be expected to last, for a continuous twelve-month period.  Second, Plaintiff does not point to any evidence which would suggest that the durational requirement would be satisfied here.  Rather, Plaintiff testified at the September 19, 2024, hearing that she would soon be starting infusion therapy to treat her HS because Humira was not working.  (AR at 78 (Hr'g Tr. at 11).)  The ALJ noted this planned treatment in her October 10, 2024, Decision.  (AR at 52.)  Thus, given the duration of Plaintiff's HS flares and the new treatment plan, the Court cannot conclude that Plaintiff's claimed bases for harmful error satisfies the criteria set out above.  Therefore, the Court overrules Plaintiff's second objection to the R&R.

3.  Plaintiff's appeal of the Commissioner's decision (Doc. 1) is **DENIED**.

Robert D. Mariani
United States District Judge

5